```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

TONIA L. HALSTEAD

    Plaintiff,

v.                        Civil Action No. 2:11-0211

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the court pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on plaintiff's objection to the proposed Findings and Recommendation ("PF & R") of United States Magistrate Judge Mary E. Stanley, entered March 7, 2012.

### I.

Plaintiff Tonia Lynn Halstead filed an application for disability insurance benefits on February 12, 2008, alleging disability as of April 30, 2007, due to fibromyalgia, arthritis, nerves, bipolar disorder, anxiety, depression, heart murmur, panic attacks, carpal tunnel, back problems, and heel spurs. Her claims were denied initially, as well as upon their reconsideration. Upon plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on May 18, 2009. By decision dated September 17, 2009, the ALJ determined that

Halstead was not entitled to benefits. The ALJ's decision became the final decision of the Commissioner of the Social Security Administration on February 7, 2011, when the Appeals Council denied plaintiff's request for review.

On March 31, 2011, Halstead instituted this action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). The sole issue before the court is whether the final decision of the Commissioner denying plaintiff's claims for benefits is supported by substantial evidence. See id.; Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The magistrate judge, in her findings and recommendation, concluded that the ALJ's decision was supported by substantial evidence and recommended that the Commissioner's decision denying plaintiff benefits be affirmed.

Plaintiff's objection to the PF & R, filed March 22, 2012, reasserts an argument that was addressed in the PF & R by the magistrate judge who concluded that substantial evidence supports the ALJ's decision.

II.

In reviewing the proposed findings and recommendation of a magistrate judge de novo, the court considers whether the

2

magistrate judge effectively applied the substantial evidence standard. Our court of appeals has noted the deference governing substantial evidence review, observing that such evidence is that

> which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of <u>more than a mere scintilla of evidence but may be somewhat less than a preponderance.</u> If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

<u>Laws v. Celebrezze</u>, 368 F.2d 640, 642 (4th Cir. 1966) (emphasis added). Once the court finds substantial evidence to support the decision, the inquiry ends. <u>Id.</u> "In reviewing for substantial evidence, [the court should] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." <u>Id.</u> (quoting <u>Walker v. Bowen</u>, 834 F.2d 635, 640 (7th Cir. 1987)).

III.

Having reviewed the record <u>de novo</u>, the court concludes that the ALJ appropriately characterized and weighed the evidence, and the magistrate judge accurately and fully

3

evaluated the ALJ's decision. Halstead merely reasserts the same argument made before the magistrate judge, namely, that the Commissioner's decision is not supported by substantial evidence inasmuch as the ALJ failed to express plaintiff's severe mental impairments of bipolar disorder and anxiety in terms of work-related functions as required by SSR 96-8p and SSR 85-15.

As the magistrate judge aptly concluded, plaintiff is simply mistaken that the ALJ did not make findings regarding her limitations on the basis of her mental impairments. (PF & R at 21-22; Tr. at 18-24). Contrary to plaintiff's contention, now reasserted here, the ALJ determined that "[w]ith regard to concentration, persistence or pace, the evidence establishes that the claimant has moderate limitations, but that she retains the ability to perform simple, repetitive, routine job tasks." (Tr. at 19). While recognizing that plaintiff had the severe mental impairments of bipolar disorder and anxiety, the ALJ found that plaintiff was only moderately limited by those conditions.

In so finding, the ALJ considered the opinion of Dr. Sidney Lerfald, a treating psychiatrist, who rated claimant's Global Assessment of Functioning ("GAF") at 50, "indicative of serious symptoms," and that of Dr. Marshall Tessnear, an impartial, non-examining psychologist, who estimated that one

4

such as the claimant would likely have a GAF of 50 to 53, indicative of "severe to moderate symptoms."[1] (Tr. at 22-23, 46).

The ALJ permissibly concluded that Dr. Lerfald's opinion is inconsistent with the medical evidence as a whole and claimant's self-reported activities. The work-related mental limitations in the record were those placed by Dr. Holly Cloonan, a non-examining psychologist, who determined that plaintiff was moderately limited in her ability to carry out detailed instructions, and to maintain attention and concentration for extended periods. (Tr. at 251). Even so, Dr. Cloonan concluded that plaintiff "is able to learn and perform uncomplicated work-like activities." (Tr. at 253). The ALJ gave significant weight to Dr. Cloonan's findings. (Tr. at 23).

As is thoroughly discussed by the magistrate judge in her PF & R, including the reasons stated above, the ALJ's decision is supported by substantial evidence.

---

[1] The magistrate judge noted that a GAF score in the low 50s suggests moderate symptoms. (PF&R at 22). According to the <u>Diagnostic and Statistical Manual of Mental Disorders</u> published by the American Psychiatric Association ("DSM IV"), a GAF range of 41 to 50 indicates serious symptoms, whereas moderate symptoms range from 51 to 60. The claimant, in the range of 50 to 53, falls largely within the moderate category.

IV.

For the foregoing reasons, and having reviewed the record de novo, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation in their entirety. The court accordingly ORDERS as follows:

1. That judgment on the pleadings be, and it hereby is, granted to defendant; and
2. That the final decision of the Commissioner be, and it hereby is, affirmed.

The Clerk is directed to forward certified copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

ENTER: July 26, 2012

John T. Copenhaver, Jr.
United States District Judge